IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Twanna Ann Foster, ) | Civil Action No.: 5:11-441-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff's motion for attorney's fees for the successful representation of Plaintiff Twanna Ann Foster ("Plaintiff") by Paul T. McChesney in the underlying Social Security benefits action. The Court may make such an award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).

In her motion (ECF No. 35), Plaintiff requested an award of $4,215.62 in attorney's fees because she was the "prevailing party" and "at least one of the administrative or court positions of the Government was not substantially justified." (ECF No. 35 at 1). Defendant filed a response (ECF No. 36) stating that the Commissioner did not oppose Plaintiff's motion for attorney fees, but requesting that the EAJA award should be paid to Plaintiff. Plaintiff filed a Reply to Defendant's Response stating that "the request to pay directly to counsel has been withdrawn." (ECF No. 37 at 2.)

The Equal Access to Justice Act provides attorney's fees in actions where the government's position is not substantially justified. The substantial justification test is one of reasonableness in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed2d 490 (1988). The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . .

are matters that the district court can recognize." *Hyatt v. North Carolina Dep't of Human Res*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Moreover, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

After a thorough review of the record in this case, in light of the above standards, the court determines that a proper showing has been made under EAJA and that the attorney's fees sought should be awarded by this court. Plaintiff's attorney seeks an hourly rate in excess of $125.00 per hour to adjust for an increase in the cost of living allowance. Specifically, he seeks an award of $1,375.62 for 7.75 hours of attorney time at an hourly rate of $177.50, and $2,840.00 for 32 hours of paralegal time at an hourly rate of $88.75, for a total award of $4,215.62. Defendant does not oppose Plaintiff's motion and the court finds the request to be reasonable. (ECF No. 36.)

Based on the foregoing and after considering the briefs and materials submitted by the parties, it is therefore ordered that Plaintiff is awarded $4,215.62 in attorney's fees as set forth above.

IT IS SO ORDERED.

           s/Mary G. Lewis
           United States District Judge

January 16, 2013
Spartanburg, South Carolina